UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-cv-20082-JLK

ZARCO MARINE GROUP, LLC,

    Plaintiff,

v.

WESTERBEKE CORPORATION,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint (D.E. 11) filed April 29, 2013. The matter has been fully briefed.[1] The Court finds the Motion should be granted without prejudice for failure to state a cause of action.

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v Twombley*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2010), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show relief and

---

[1] Plaintiff filed a Response in Opposition to the Motion on May 16, 2013 (D.E. 13) and Defendant filed a Reply on June 11, 2013 (D.E. 18).

"more than labels and conclusions…a formulaic recitation of the elements of a cause of action will not do." *Id.*

The Amended Complaint fails to provide the Court with sufficient facts. Many of the assertions made are conclusory. One sentence provides multiple examples, "On or about September 2011, Plaintiff's principal, Robert Zarco, attempted to start the Formula Generator, utilizing the same procedure for which he had become accustomed and following the instructions provided for in the Operator's Manual." D.E. 8 ¶45. How is Robert Zarco a principal? What procedures did he follow? How did he become accustomed with these procedures? How did he follow the Manual? Similar conclusory and threadbare statements are found throughout the Amended Complaint. Simply stating that events occurred or conditions were satisfied falls short of the pleading requirements.

Facts need to be given that tell a story. Pleadings like, "Plaintiff notified Westerbeke and/or its Authorized Dealer(s) on one or more occasions, and/or formally notified Westerbeke of Westerbeke's failure to timely repair the Formula Generator," are so full of caveats and lacking in details that the Court cannot follow the story to understand the chain of events alleged. D.E. 8 ¶41.

Additionally, the Court cannot analyze whether or not the Five-Year Limited Warranty applies to the above-styled action because insufficient facts have been alleged regarding the generator's existence. The generator was made by Defendant, a Delaware company, and came to be owned by Plaintiff when Plaintiff purchased a boat equipped with the generator. The generator's path from creation to Plaintiff's ownership is unknown. Thus, the Court cannot currently determine the applicability of the Warranty

to Plaintiff's allegations. Plaintiff's underlying and essential conclusion that the warranty was in force on whatever date the generator allegedly stopped functioning properly is insufficient.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED and ADJUDGED and DECREED** that Defendant's Motion to Dismiss (**D.E 11**) be, and the same is, hereby **GRANTED**. The Amended Complaint (**D.E. 8**) is **DISMISSED without prejudice**. Plaintiff has thirty (30) days from the date of this Order to file a Second Amended Complaint.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 7th day of November, 2013.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record